UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL YOUNG;

                Plaintiff,

- against –

PANAGIOTIS SEMPEKOPOULOS;

                Defendant.
-------------------------------------------------------------------X

COMPLAINT

___ CV _____

TRIAL BY JURY DEMANDED

Plaintiff, by the undersigned counsel, the Gropper Law Group, PLLC and the Law Office of Andrew C. Laufer, PLLC, allege for his as follows:

**JURISDICTION AND VENUE**

1. At the time of the filing of this action, the plaintiffs are citizens of the United States of American and residents of the State of New York.

2. Jurisdiction of this action is based on 28 U.S.C. § 1332.

3. The injuries sustained by the plaintiff far exceed the jurisdictional limitations of all other state and federal courts that would otherwise have subject matter jurisdiction over the claims set forth in this litigation.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the complaint occurred in the Eastern District of New York.

5. At all times relevant herein, defendant Panagiotis Sempekopoulos is a resident of the City of Montreal and a citizen of the Country of Canada.

## FACTS

6. On January 12, 2020, plaintiff Michael Young was the operator of a 2018 Toyota SUV with the license plate number of HCL5356 and registered in the State of New York. (Vehicle 1).

7. At the time of the incident, Vehicle 1 was owned by Jenny Lee.

8. Ms. Lee is the wife of the plaintiff and had given permission to plaintiff to operate Vehicle 1 on the date of the incident.

9. On January 12, 2020, defendant Sempekopoulos was the owner and operator of a 2009 Mitsubishi pick-up truck with the license plate number of X30KZV2 (Vehicle #2).

10. At all times hereinafter mentioned, Willets Point Boulevard at its intersection with 149th Street in the County of Queens, State of New York (the "Location") was and still is a public roadway in common use.

## AS AND FOR A FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and realleges paragraphs 1-10 as if fully restated herein.

12. At the time and place of the incident, Vehicle #1 was at a complete stop before a red traffic signal at the aforesaid Location.

13. At said time and place, Vehicle #2 careened into and struck Vehicle #1 from behind causing a rear-end collision.

14. At the time of the collision, Defendant Sempekopoulos failed to obey traffic laws, traffic control devices located at or near the Location, and/or was otherwise negligent in the operation of Vehicle #2.

15. At the time of the collision, Defendant Sempekopoulos operated Vehicle #2 at a high rate of speed and/or otherwise in a reckless and/or dangerous manner.

16. At the time of the collision, Defendant Sempekopoulos operated Vehicle #2 with reckless disregard for the safety and well-being of the public.

17. At the time of the collision, Defendant Sempekopoulos caused and/or permitted Vehicle #2 to collide with Vehicle #1.

18. The negligence of the defendant, inter alia, consists of: failing to have the vehicles under proper control; failing to observe traffic conditions prevailing in the roadway; failing to see what was there to be seen; traveling at an excessive speed under the circumstances; failing to keep the brakes and equipment in good working order and condition; failing to seasonably and reasonably apply the brakes; failing to give any and/or proper and/or adequate signals or warnings of approach or danger; failing to keep proper position in the roadway; failing to use hazard signals while parked and/or obstructing the flow of traffic; failing to take the necessary and reasonable precautions to guard against and prevent the accident from occurring; failing to take due care and caution so as to avoid the accident and in otherwise operating the vehicles in a reckless, careless and negligent manner in violation of the Vehicle and Traffic Laws of the State of New York.

19. That no negligence on the part of the plaintiff contributed to the accident in any way whatsoever.

20. As a result of the foregoing, plaintiff sustained a serious injury as defined by subsection (d) of Section 5102 of the Insurance Law of the State of New York.

21. As a result of the foregoing, plaintiff sustained economic loss greater than basic economic loss, as defined in subsection (a) of section 5102 of the Insurance Law of the State of New York.

22. Plaintiff was injured due to the negligence of the defendant.

23. Plaintiff's severe injuries were caused by the negligence of the defendant.

24. Plaintiff's severe injuries were caused by the recklessness of the defendant.

25. Defendant is liable for plaintiff's injuries under Section 388 of the Vehicle and Traffic Law.

26. Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts in the State of New York which would otherwise have jurisdiction over this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF

27. Plaintiff repeats and realleges paragraphs 1-26 as if fully restated herein.

28. At all times relevant, defendant was negligent.

29. The defendant's negligence was a proximate cause of the plaintiff's injuries.

30. Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts in the State of New York which would otherwise have jurisdiction over this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

(a) against defendant, on the first claim for relief, in the sum of five million dollars ($5,000,000), together with interest, costs and disbursements as provided by law;

(b) against defendant, on the second claim for relief, in the sum of five million dollars ($5,000,000), together with interest, costs and disbursements as provided by law;

(c) any such other and further relief that this court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York
February 5, 2021

GROPPER LAW GROUP, PLLC

_____
Joshua Gropper
Co-Plaintiff's Counsel for
Michael Young
171 Madison Avenue, Suite 1002
New York, New York 10016
(212) 366-4600

LAW OFFICE OF ANDREW C. LAUFER, PLLC

_____
Andrew C. Laufer
Co-Plaintiff's Counsel for
Michael Young
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020

UNITED STATES DISTRICT COURT          Index:          Year:
EASTERN DISTRICT OF NEW YORK

MICHAEL YOUNG,

                                Plaintiff,

-against-

PANAGIOTIS SEMPEKOPOULOS;

                                Defendant,

**COMPLAINT**

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
264 W. 40th Street, Suite 604
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on          at          M.
Dated,                                        Yours, etc.

Law Office of Andrew C. Laufer